**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4542**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WESLEY KENT DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00222)

Submitted: January 7, 2008          Decided: January 15, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas A. Will, Jr., LAW OFFICE OF THOMAS A. WILL, JR., Gastonia, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Kent Davis appeals his ten-month sentence imposed upon revocation of his supervised release. On appeal, Davis's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but suggesting the court may have abused its discretion by revoking supervised release instead of exercising its options to continue supervised release or modifying its conditions. Although advised of his right to file a pro se supplemental brief, Davis has not done so. After a thorough review of the record, we affirm.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). When the court determines that the defendant has violated conditions of supervised release, the court can either continue supervised release, with or without extending the term or modifying or enlarging the conditions, or revoke supervised release in favor of incarceration. See 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2007); U.S. Sentencing Guidelines Manual § 7B1.3(a)(2). Because Davis admitted to committing the alleged violations of the conditions of his supervised release, the district court did not abuse its discretion in revoking it.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United

States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007).  Davis's ten-month sentence was within the advisory policy statement range of eight to fourteen months and well below the statutory maximum of twenty-four months. See 18 U.S.C. § 3583(e)(3).  We conclude that Davis's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none.  Accordingly, we affirm the revocation of Davis's supervised release and his sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED